**The CANADIAN ST. REGIS BAND OF MOHAWK INDIANS, Plaintiff,**

**The United States of America, Plaintiff–Intervenor,**

**v.**

**The State of NEW YORK, George E. Pataki, as Governor of the State of New York, the County of St. Lawrence, the County of Franklin, the Village of Massena, the Town of Massena, the Town of Bombay, the Town and Village**

issue.

of Fort Covington, Farmers National Bank, n/k/a Key Bank of Northern New York, N.A., Nationwide Mutual Insurance Co., Niagara Mohawk Power Co., Walsh Realty Corp. and Canadian Railways, Defendants.

The Canadian St. Regis Band of Mohawk Indians, Plaintiff,

The United States of America, Plaintiff–Intervenor,

v.

The State of New York, George E. Pataki, as Governor of the State of New York, St. Lawrence Seaway Development Corp., David W. Oberlin, Niagara Mohawk Power Co., and Power Authority of the State of New York, Defendants.

The St. Regis Mohawk Tribe, by the St. Regis Mohawk Tribal Council and the People of the Longhouse at Akwesasne, by The Mohawk Nation Council of Chiefs, Plaintiffs,

The United States of America, Plaintiff–Intervenor,

v.

The State of New York, George E. Pataki as Governor of the State of New York, County of St. Lawrence, County of Franklin, Village of Massena, Town of Massena, Town of Bombay, Town and Village of Fort Covington, Key Bank of Northern New York, N.A., Nationwide Mutual Insurance Co., Niagara Mohawk Power Co., Canadian National Railways, Power Authority of the State of New York; et al. individuals, Defendants.

Nos. 82–CV–783, 82–CV–1114, 89–CV–829.

United States District Court, N.D. New York.

Jan. 16, 2002.

Sonosky Chambers Sachse & Endreson (Harry R. Sachse, of counsel), Washington, DC, for Plaintiff Canadian St. Regis.

Indian Law Resource Center (Steven M. Tullberg, of counsel), Washington, DC, for Plaintiff The People of the Longhouse of Akwesasne by the Mohawk National Council of Chiefs.

Hobbs Straus Dean & Walker (Hans Walker, Jr., of counsel), Washington, DC, for Plaintiff The St. Regis Mohawk Tribe by the St. Regis Mohawk Tribal Council.

United States Department of Justice–Environment & Natural Resources Division (Charles Jakosa, of counsel), Washington, DC, for Plaintiff–Intervenor The United States of America.

Hon. Eliot Spitzer, Attorney General of the State of New York (David B. Roberts, Asst. Attorney General, of counsel), Albany, NY, for Defendants State of New York and the Governor of the State of New York.

David E. Blabey, Esq. (Arthur T. Cambouris, of counsel), New York City, for Defendant Power Authority of State of New York.

Hiscock & Barclay, LLP (Alan R. Peterman, Jan Farr, of counsel), Syracuse, NY, for Defendants County of St. Lawrence, County of Franklin, Village of Massena, Town of Massena, Town of Bombay, Town and Village of Fort Covington, Key Bank of Northern New York, N.A., Nationwide Mutual Insurance Co., Niagara Mohawk Power Co., Canadian National Railways, and for Defendant Class.

## MEMORANDUM–DECISION AND ORDER

MCCURN, Senior District Judge.

Familiarity with the procedural history and facts of this litigation is assumed. *See* 146 F.Supp.2d 170. Pursuant to Fed. R.Civ.P. 15(a), plaintiff-intervenor United States of America seeks leave to file an Amended Complaint–in–Intervention (*see* Notice of Motion, Dkt. No. 204). For the following reasons, the motion is granted.

The United States' Complaint–in–Intervention in this action mirrors those of the plaintiffs—the Canadian St. Regis Band of Mohawk Indians, the People of the Longhouse of Akwesasne, and the St. Regis Mohawk Tribe (the Mohawk plaintiffs). Accordingly, the United States currently asserts claims against defendant State of New York, defendant New York Power Authority (N.Y.PA), defendant municipalities, defendant individual landowners in the land claim area, and the various defendant corporate entities.

The United States' proposed Amended Complaint purportedly drops all claims and remedies against defendants other than the State and the NYPA.[1] Citing recent decisions in the *Oneida* and *Cayuga* land claim litigation pending in this district, the United States bases its motion to amend on the theory that the non-State defendants in this land claim action, including those private landowners named in the United States' Complaint–in–Intervention, are unnecessary here because the State alone is fully liable for any and all potential remedies awarded by this court.[2] Specifically, the United States asserts that the State "is liable for all monetary and other relief for the *entire claim area* for the period since the State attempted to acquire the lands within the claim area in violation of the Nonintercourse Act, 25 U.S.C. § 177. Because the State was the initial trespasser of the claim area, it is liable for all damages that flowed from it tortious actions, including subsequent trespasses by private individuals" (*see* Memorandum in Support of Motion for Leave to File Amended Complaint–in–Intervention, Dkt. No. 205, at 5).

The State, the NYPA, and the various non-

---

1. As the State and the NYPA point out, the proposed Amended Complaint–in–Intervention continues to allege that "the claims, interests and any possession of the Claim Area by ... individuals and entities are void, illegal and without force and effect." Proposed Amended Complaint–in–Intervention, ¶ 21. The United States makes clear, however, that its current policy is to not seek any relief from private landowners in any cases involving the New York land claims (*see* Memorandum in Support of Motion for Leave to

File Amended Complaint–in–Intervention, Dkt. No. 205, at 4).

2. The United States continues to press its claims against the NYPA due to "NYPA's asserted role as a political subdivision of the state, and due to the unique history of Barnhart, Baxter, and Long Sault Islands and the interest NYPA may claim in these islands" (*see* Memorandum in Support of Motion for Leave to File Amended Complaint–in–Intervention, Dkt. No. 205, at 3).

State defendants do not oppose the motion.[3] The Mohawk plaintiffs, however, oppose the motion.

■ Leave to file an amended complaint "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993). The Mohawk plaintiffs contend that United States' motion for leave to file an Amended Complaint–in–Intervention must be denied on the grounds of prejudice and bad faith.

■ The Mohawk plaintiffs claim that the United States' proposed amendment unduly prejudices them because it is based on the erroneous assumption that this court's decisions in the *Oneida* and *Cayuga* land claim cases firmly establish that full recovery is available against the State. As the Mohawk plaintiffs correctly contend, *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61 (N.D.N.Y.2000), and the various *Cayuga* decisions by this court are distinguishable from the case at bar. In *Oneida*, this court, among other things, denied the Oneida plaintiffs leave to amend their complaint to add individual landowners to the action on the ground that a twenty-four year delay constituted a lack of notice to the individual landowners and indicated bad faith on the part of the Oneida plaintiffs. *See* 199 F.R.D. at 81–85. And in *Cayuga*, this court first adjudicated liability, *see Cayuga Indian Nation v. Cuomo*, 730 F.Supp. 485 (N.D.N.Y.1990), then tackled the question of whether ejectment was an appropriate remedy in the action, *see Cayuga Indian Nation v. Cuomo*, Nos. 80–CV–930, 80–CV–960, 1999 WL 509442 (N.D.N.Y. July 1, 1999), and then separated the State from the non-State defendants—trying the remedy portion of the case against the State and holding in abeyance the Cayuga's claims against the non-State defendants. *See Cayuga Indian Na-*

*tion v. Pataki*, 79 F.Supp.2d 66 (N.D.N.Y. 1999).

Here, the Mohawk plaintiffs included claims against the individual landowners and other non-State defendants at the inception of these lawsuits and, unlike the above cases, this action is in its procedural infancy. The litigation currently before the court has obvious differences from the both the *Oneida* and *Cayuga* land claim litigation, and those land claim cases do not concretely establish whether full relief in this action is available solely against the State.

The Mohawk plaintiffs fail, however, to establish how they are prejudiced by the above given that *their* claims against the non-State defendants are still fully intact, and those claims include the pursuit of any and all remedies, including ejectment, against said defendants. In light of the Mohawk plaintiff's pending claims against the non-State defendants, the United States' dismissal of its claims against those defendants will have little impact on the Mohawk plaintiffs. Moreover, the proposed amendment will not disrupt this litigation or this court's ability to fashion an equitable remedy if that need arises. Accordingly, the Mohawk plaintiffs' position with respect to the non-State defendants in this action is not prejudiced by the United States' proposed amendment.

■ Relying on *Joint Tribal Council of the Passamaquoddy Tribe v. Morton*, 528 F.2d 370 (1st Cir.1975) for the proposition that the Nonintercourse Act imposes upon the federal government a fiduciary duty to protect Indian lands, the Mohawk plaintiffs also argue that the United States' proposed amendment dismissing all non-State defendants from this land claim litigation must be rejected on bad faith grounds because such amendment breaches the United States' trust responsibilities to the Mohawk plaintiffs. The Mohawk plaintiffs contend that the United States is breaching its fiduciary duty and therefore acting in bad faith because dismissing non-State defendants from this litigation is directly contrary to the Mohawk plaintiffs

---

**3.** Citing the "liberal standards set forth in Fed. R.Civ.P. 15", the State and NYPA do not "for-

mally" oppose the motion for leave to amend (*see* Roberts Ltr, 9–25–01, Dkt. No. 220).

interests in realizing full relief for the alleged violation of their possessory rights.

The Mohawk plaintiffs read *Passamaquoddy Tribe* too broadly. Although the *Passamaquoddy Tribe* court clearly held that the Nonintercourse Act imposed a fiduciary obligation on the United States, it specifically declined to determine whether that fiduciary duty required the federal government to sue on behalf of the plaintiff Indian tribe. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1483 (D.C.Cir.1995) (citing *Passamaquoddy Tribe*, 528 F.2d at 375, 379). And, even assuming that the United States has an affirmative obligation to pursue litigation on the behalf of the Mohawk plaintiffs, the United States clearly has wide discretion to conduct this litigation in the way it sees fit. *See Shoshone–Bannock Tribes*, 56 F.3d at 1483 ("[T]he United States has no duty, or at least no legal duty a federal court may impose upon it, to assent to the Tribe's litigation demand."). Accordingly, the United States is not acting in bad faith by seeking to amend its Complaint–in–Intervention to reflect its decision to only pursue claims against the State and the NYPA.

For all the above reasons, it is hereby:

**ORDERED** that the motion for leave to file an Amended Complaint–in–Intervention (Dkt No. 204) is **GRANTED**. The United States shall file and serve its Amended Complaint–in–Intervention within ten (10) days of the date of this order. Defendants shall answer or move within twenty (20) days thereafter.

**IT IS SO ORDERED.**